Good morning, Judge Logan, and may it please the court, my name is Dave Lopez and I represent the appellate challengers to the City of Council Bluffs ban on the breeds comprising the family of dog breeds commonly known as pit bulls. As rational basis challengers to the Council Bluffs ban, we must overcome a presumption of its validity and we're obligated to negate every conceivable justification for its enforcement today. That's a significant burden which we recognize and acknowledge. But just as the courts, as the lower courts held in similar challenges in the Diaz case out of the Tenth Circuit and in the Southern District of Iowa and the Kyoto case, on the record before this court and before the lower court in this case, we have a right to take it to trial. This record contains overwhelming expert testimony and other competent evidence showing that even if Council Bluffs originally understood itself to have some scientific and rational link between an outright ban on pit bull ownership in the city and for that ban to have any rational support, there is no rational justification for its enforcement today. So based on that record, Gardenville... You have to prevail on the when do we look at this question issue, right? That's right, Your Honor. And what's... Is there 8th Circuit authority? Well, here's the problem with that, with the city's misapplication of each... Answer the question then make your argument. Well, Your Honor, there's no 8th Circuit authority for their proposition that... Okay, now you can make your argument. Thank you, Your Honor. There's no authority whatsoever for their misapplication of the beach decision from the Supreme Court for the proposition that somehow we are locked into looking only at whether the city believed it had a plausible justification for the ban when it was enacted. If that were the case, it would effectively convert rational basis scrutiny from being a level of scrutiny albeit a deferential one into a rubber stamp. In this case... No, not at all. For the reason the district court said, your position has the judiciary in a constant overview of the legislature. The narrower interpretation has the judiciary legitimately reviewing whether the legislature had any basis for its exercise of its Article 1 powers at the time it did so. That doesn't... Both are meaningful. So Judge Loken, I take... We quarrel with none of those principles. We are not urging a rethink of rational basis scrutiny. Rather, upholding the district court's decision here would narrow it. If you look at the FCC decision... No, not as I stated the alternative. The district court exactly stated my alternative. Let me give you this proposition. What if this ordinance had been adopted by initiative? What is the role of the judiciary? In that case, it would still be reviewed under rational basis scrutiny. What case do you have for that? In other words, the people don't get to choose, the federal judges do, to exercise the state's police power. So, your honor, I would turn your attention to the rest of the paragraph from Justice Thomas in the Beach decision. Because... No, I want some reasoning on my... Or by referendum. Is rational basis a judicial override of the initiative process? No, unless a challenger comes, as the Supreme Court has said, in the Beach decision, in the first sentence of the paragraph, where the city has hung its hat on locking us into looking only at whether they thought they had a plausible justification for it at time of enactment. No, no, I'm saying period. I'm saying that I'm questioning whether there can be rational basis review of anything other than the most gentle nature on exercises of the police power, either by the people by initiative or by their elected representatives. Anything else, in my view, is rips apart separation of powers. I agree with that underlying principle, your honor. Okay, therefore... But still... If it was obvious in the campaign, if you will, for the initiative proposition, that the question came down to whether voters are afraid of pit bulls or not, and they voted for a ban. So the people have spoken, and it's not about bites or anything else. They're just afraid of them. Do the people have the right, through their elected representatives, to do that? Your honor, arguably on those facts, that would be an even less rational ban. I know all your experts would be throwing things at me. But I think it's a legitimate question. Can the people decide, at least up to a homeowner's front door, that we don't want your scary pets in our presence? And as I said... Rationally or irrationally fearing, and I think it's pretty rational, dog bites. So your honor, everything you've said, Judge Loken, I have no quarrel with those underlying principles as they relate to the rational basis of scrutiny, except that that still allows a challenger to come with scientific evidence or whatever the body of evidence that would be necessary to negate every conceivable justification. So the day after the initiative passes, all your experts can go into court and say those people are nuts, they're wrong, there's no scientific basis for their fears. Your honor, if that wasn't true, we would write out the rest of Justice Thomas's paragraph in Beach. Beach didn't involve an initiative case. This is a city council enacted case, but I don't... I'm trying to illustrate the extent of judicial interference with the people and their elected representatives that your position entails. I disagree with that, your honor. I disagree where you have a challenger that comes prepared to take to trial the overwhelming amount of competent evidence that we have in this record, which is virtually identical, I would add, to the record that the challengers presented. Your record is... Everybody concedes dog bites are a legitimate exercise of the plea. I'm suggesting that people's fear of dogs, whether rational or not, is a legitimate basis to at least consider invoking the police power. I would disagree with that, your honor. I know. Pure fear that... Give me a case that says that's wrong. Well, I think that's an issue that we would have the right to take to trial, given that... Why? Well, if the... If that's an improper... If that's a judicial usurpation of the legislative process, including the power of the people to legislate by initiative, then why do you get a trial? Your honor, I think that's a little different issue than the error that we're focused on in the district court's application of Beach here. I knew you wouldn't like this focus, yeah, but I think it's my concern with your position. Well, I... Well, perhaps the district court made an error. Perhaps the district court... He doesn't use the term irrelevant, right? Actually, he does on page 18 of the district court's opinion. Okay, good. Okay, but regardless... Right. But you're right. It has a flavor of that, and it's relevant. But we have de novo review. This is summary judgment, and if you look at the experts, they do say, and there are some connections between genetics and behavior. They do say that some visual identifications can accurately determine breed type. Isn't that enough for a rational basis? No, Judge Benton. Why not? So our experts provided overwhelming evidence to rebut both of those issues. No, no. Your experts said that, and you have it in your briefs. You have those sentences in your briefs, sir. You're right, your honor. But let's split them apart, if I could respond to both separately. So on genetics, there is evidence that some behavioral characteristics are heritable. Right. But there is no genetic, in the canine genome, there's been no identification of any gene for aggression. So you might have physical traits, for example. No, wait, wait, wait. And I hesitate to do this with lawyers, but I'm going to do it. But we have words in these very briefs that say there is some connection between genetics and behavior. Those 1, 2, 3, 4, 5, they're quoted. But not aggression. But not aggression. No, behavior. You heard the word behavior. Right. So Setter said... Yeah, but wait. That's what your experts said. And then the visual, the other one, that they can accurately determine some, you know, it's a percent. I know your studies and all that. But and again, it's in your briefs, the exact words, the 20-dog study words. Isn't that enough for rational basis? No, your honor. And it certainly isn't. Okay, but now, rather than you and me just restating our position, mine's not a position, mine's a question. But rather than us just restating it, if you look at the 10th Circuit's opinion, they don't cite Beach. They don't talk about, you know, they start this section talking about rational basis. But boy, the rest of it doesn't have rational basis. They don't mention the conceivable basis. They act like they're just doing some sort of general remand. Was it at the summary judgment stage when it came up? No, it was at the motion to dismiss stage, wasn't it? No, your honor. And when I refer to Diaz, I'm actually referring to the second Diaz decision from the District of Colorado. Right. The one that was not appealed. Well, that case ended with no decision on the merits. And if I could direct your honor and the entire court to a more comprehensive study of this, I would direct you to the city of Kyoto case, which is in this circuit, which notably, and I think this is important, is stayed pending the outcome of this appeal. And in that case, the district court comprehensively and carefully unpacked a record of expert and scientific evidence that is virtually identical to the one in this case, showing and concluding that for purposes of summary judgment, it rebutted and destroyed the notion that there's any absence of... Wasn't there also some evidence that dog bites in the city have gone down by 25% or so since this ban was enacted? So, a couple of different issues with that, Judge Kobus. One, in the second full year after the act was in effect, they went up significantly. But 25% reduction, or am I wrong? You're not wrong about what the city purports in terms of its record keeping as to dog bites in the reduction. The problem is that statistic is completely unreliable when you look at, and they've conceded this. Well, you know, can it still form a plausible basis? The city's own records suggest that there are fewer dog bites following the ban. I appreciate the question, Judge Kobus. No, if it is such that based on the problems with visual identification of breeds, particularly mixed breeds... Even if there are problems, isn't it a plausible basis? So it's a 20% reduction. Your Honor, well, A, the statistics I don't think are even close to being that significant. But the statistic itself is in fundamental dispute given the problems with visual breed identification, particularly when we're trying to identify the heritage of mixed breed dogs, which is the entire universe of what we're dealing with here. So look, and if I could say this and then reserve. If the court concludes that the district court misidentified Beach versus FCC, which I think it has to, otherwise it would convert rational basis into a rubber stamp if we can never do what Justice Thomas said we could do and come with a record like this to negate every conceivable justification for a ban, even on rational basis review, then garden variety principles of summary judgment would compel the court to see that this is a genuinely and remand for further proceedings. I'll reserve. What if the ordinance just said dog? I think that would suffer... Well, a couple of different problems with that, Your Honor. I think it would be overbroad. For what purpose? Well... And the purpose was to get unwanted pets off the streets based on polling or referendum or whatever showing that a vast majority of the citizens of that particular municipality agreed. Judge Loken, I think you'd have a problem on the other end of the rational basis test, which is not in dispute here, which is would the city have any legitimate governmental purpose in doing that? I don't think it would. I just gave you one. I think unless there's this fundamental right that's been rejected by everybody to have a pet. I don't know why the police power isn't available. I mean, the police, you know, they say we're going to stop all the speeders in residential areas because they might cause harm. They pass an ordinance to that effect after polling showed it was universally favored. And the next day, you hypothetically, with your experts, come in and say that fear is irrational. We get a trial on whether you can rationally fear that speeding in a residential area adversely affects public safety. That's your position, right? Well, that's what the district court in Kyoto said, Your Honor. And that's what we say here. Well, then he's wrong, in my view, frankly. Well, Your Honor, I... If he meant to say that, then he's wrong. I don't think he said that. He did, Your Honor. He wasn't dealing with an ordinance that said dog. Oh, no. You're right. That's correct, Your Honor. And your hypothetical is a different scenario. I think that would suffer from other... The hypothetical of what the people want the legislature to believe is a legitimate governmental interest, your position is, if I got enough experts, any federal judge in the country can overrule that legislative judgment. Your Honor, if that were not true, then the rest of the FCC versus Beach decision, if I could finish the thought. Finish the thought, yeah. Then the rest of the FCC versus Beach decision and rational basis scrutiny at its essence would no longer be a level of scrutiny. It would be a rubber stamp. On some issues. Right. On some, yeah. On your hypothetical, Your Honor. Well, I'm suggesting that rational basis review applied to police power regulation legislation is a troublesome can of worms. It is. I don't quarrel with that principle. And therefore, I'm not sure that the same level of review should apply as it would to economic or commercial regulation, for example. Well, I think then, I mean, Your Honor would be referring to a different level of review, I suppose. Here, we're living under the standards that the Supreme Court and this Court have set out. And that enables us to come. Your interpretation of their words is applied in other cases. Your Honor, we'd like a chance to try it. And we've come with the record to do so. That's when the courts do over, anyway. We urge reversal. I understand your position. Thank you, Your Honor. Good morning. I'm Sarah Bauer. And I'm... You didn't... Oh, I went too fast. Well, we still have this remaining protocol, for obvious reasons. I should have said something at the outset. Yeah. Thank you. Thank you, Judges. My name is Sarah Bauer. And I... May it please the Court. I'm here on behalf of the appellate of the City of Council Bluffs, Iowa. As you know, the District Court granted summary judgment in favor of the City of Council Bluffs on substantive due process and equal protection claims. This is a de novo review, as noted. However, this was ripe for summary judgment because the primary issue is whether there is any reasonably conceivable state of the facts that could provide a rational basis for the City's ordinance prohibiting pit bull-type dogs within the City limits. The City's response to that is based on the evidence, even giving every reasonable inference to the evidence before the Court. The answer is unequivocally yes in favor of the City. The City's reasonable belief that the passage of the Breed Ordinance contributes to and protects the health and safety and welfare of its community is the rational basis. At the time the ordinance was enacted, the City had incurred an uptick in reports of dogs from, reportedly, from pit bull-type dogs. Was this mathematically precise? The City doesn't know. Part of the actions of the City are reliant on its citizens. The reports that were made, the licensing that is there, the animal control can only act and use the information that is provided to it. Throughout the vast, voluminous evidence before the Court, some of the questions that have been presented by the plaintiffs are simply that the City's information isn't scientific enough and it isn't reliable. The City's position is it is what it is. We are rational in believing the information that is provided to us. When people license their dog, they identify what dog they are licensing based on primarily visual common sense. I believe I have a Labrador. Their reports, their experts want you to say, well, if it's not DNA proven, it's worthless. However, the information that's gathered, practically speaking, is rational for the City to rely on and has been. At the crux of the City's position is the law being supported by some rational basis does not offend the Constitution merely because it is imperfect, mathematically imprecise, or results in some inequality. The rational reasons provided is, as stated, ownership of Pitbull does not implicate any fundamental right. There is no Court that has ever found that. So rational basis has to apply under the case law that dates all the way back to the property rights stated in the Centel case in 1938. Once the rational basis survives equal protection scrutiny, it also satisfies the Substantive Due Process analysis. The City cited in its brief the litany of cases that I have been able to locate and no one, in any case that I could find, has turned over a Pitbull prohibition based on equal protection or Substantive Due Process. There have been other reasons based on... The district court Diaz case survived summary judgment for purposes in 2010. They said there was a legitimate question of whether the science had changed. In this case, I believe what distinguishes Council Bluff's state of facts and the evidence that was actually presented, even from, obviously I can't say what was actually presented to the Diaz case other than what was in the opinion from 2010, but in the Kyoto case which Council referenced... Now you're back to district court cases. The Diaz case... Focusing on the Tenth Circuit's case, they do begin this section by talking about rational basis, but this is on a motion to dismiss, right? Correct. Yes, correct. And so they therefore don't mention the word conceivable, I don't think, in their discussion and they don't do a normal, they don't do a normal rational basis test. Do you think they're doing that because it's on a motion to dismiss? Is that your best answer? Yes. The Tenth Circuit... I apologize. Yes. No. Judgment. The Tenth Circuit motion to dismiss remanded it, saying it wasn't right for a motion to dismiss based on just a blanket rational basis inquiry. The second case that I believe they rely on for summary judgment purposes is actually just the district court opinion, where the summary judgment was overruled and never went to trial on the merits. That's what I apologize. That's what I was speaking to, to say I can't say what for summary judgment. In our case, in the Council Bluffs matter, there has been overwhelming evidence presented to the courts and even giving every reasonable inference to the experts presented by plaintiffs, it only goes as far as it goes. You have the studies. You have their agreement of their opinion that any one dog based on breed can't be predicted to be aggressive. What the city presented in terms of it's any reasonable conceivable that could provide a rational basis. We have our, I apologize for my pronunciation, epidemiologist expert, which looks at the overview of the public health concern. Obviously, the public health and safety is the basis of the ordinance. When this Council Bluffs received the reports for increased dog bites, based on the pit bull type dogs and the threats to the property, they acted. What also distinguishes Council Bluffs and over the course prior to this action and continuing, is Council Bluffs has continued to keep track of it's licensing, of the reports that it can see that over the course of the 17 years at the time, there has been a downward trend after the prohibition has been in place from the pit bull type dogs. They want to say that because it's not scientific, it's inherently unreliable and it can't be used as a rational basis. That's not the standard. We don't have to be mathematically precise. There's no showing, in fact, that any of the dogs even at issue in this are anything other than pit bull type dogs. The plaintiffs admit they have pit bull type dogs. They want to say their individual dog isn't aggressive. At this point, that's irrelevant. The breed of the dog identified through the enumerated standards in the ordinance by appearance is reasonable, is the standard. The visual identification can be accurate, but there is also the mechanism that if someone wants to challenge it, they can appeal that saying, I have a pit bull, no I don't. And that's not under appeal because the procedural due process claim has not been appealed for the court. So once, I believe they, a little bit misconstrued with the city's position that we say, once we have the rational basis back in 2005, we say hands off. The city's not under an obligation to have a duty to reduce substantial evidence to remaining our justification on the rational basis. They want to say that developments in science have made it irrational. However, again, what Council Bluffs has been able to introduce is over the course of time, the continued reports, that there's no new disproportionate dog bites. They've trended downward once the pit bull ban has been in effect. Regardless of scientific certainty, it's immaterial because it has shown and been basis for the continued downward trend. So at the crux, even if you look at their expert's opinion, they're very limited. So what is the reasonable inference that should have been provided? And I believe that's where you get into the Beach opinion and very thoroughly explained by Judge Jarvie's opinion as to that they're really wanting to question the legislative process. There's nothing in the expert opinions provided by the plaintiffs other than questioning. It doesn't, even saying it's unreasonable, there's nothing to say or change the rational basis provided. Only disputes of fact which might affect the outcome of the suit, generally under the Governing Law, will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. In this case, there is no genuine issue of material fact. I believe, to backtrack a little bit, even under the Diaz decision of the summary judgment, the court did acknowledge that there is some support for behavior in the breed standards. Likewise, as provided in our evidence, the experts have admitted that there is some connection. They just don't know what. There is no gene that's been identified to say that this gene is aggressive, shows that they're aggressive. The breed standards indicate that there is some sort of behavioral behavior that's inherent in a breed. That, based and plus that you can visually identify a dog, provides the rational basis for the continued basis of the ordinance being correct. Again, visual identification may be imperfect, but it is still defined and the physical characteristics have been enumerated in the ordinance. The city had information that was reported over time, making that it's a determination for the necessity for the ordinance initially, not irrational. The changes that have been purported by the plaintiffs in this case are not really changes that have negated every conceivable circumstance to question the rational basis for the ordinance. Is undisputed breeds or groupings of dogs based on physical characteristics? Likewise, as I indicated, even under the DS summary judgment decision, the court acknowledged there is some support for behavior in the breed standards. But also, in this case, as I believe we quoted in the briefs, a behavioral characteristic in a breed is heritable. They do not know to what extent. That doesn't negate every conceivable basis. Another expert states that the whole area of canine behavioral genetics is in flux. There is so much we don't know. We know setter set, retrievers retrieve, and fighting dogs fight partly due to behavior genetics. I would propose that those are from the depositions that were taken in this case, and that is a distinguishing factor from the Kyoto case. That was the summary, the city was not involved, I am not involved in that case. My review, as cursory as it is, their summary judgment was filed earlier based solely on the reports and not using the depositions. After taking the depositions, the true limitations of their purported opinions from their studies becomes more evidence. That's why, for the purposes of summary judgment in this case, was proper because the city could answer the question as to whether there are any reasonably conceivable state of facts to support the rational basis for the study. Once the court has reviewed those questions, the city's position that even giving all deference for reasonable inferences for the evidence, the best that can be said is that any one dog may not be able to be predicted to be aggressive or propensity to bite for any one dog. Dog breeds, it is still rationally related to the city's legitimate government purpose to protect the safety, health, and well-being of its community to reduce dog bites, making the ordinance appropriate in this situation. The industry standard, again, is a visual. The city's method of identifying the dog breeds is definable, reasonable, and rationally related to the reported information. The animal control ordinances relating to dogs is not irrational, even if you want to say not everyone licenses their dogs. So how do you really know how many Labradors you have or how many Pit Bulls you have in a community? We have the ordinances that require the licensing. It's reasonable to act on the information that's available to the city as to what has been licensed. Using the information available to the city is rationally related to our legitimate purpose in reducing dog bites and protecting the community. Therefore, based on all the information that was available to the district court under the Beach decision and all of the even relevant more recent 8th Circuit cases, specifically Gallagher, Berchanski, in the Berchanski case, the judgment of the district court must be affirmed on behalf of the city. Thank you. Thank you. Mr. Lopez, I'll give you a minute for rebuttal, but I have to observe, I have to ask whether your name, plaintiff's dog's name, should be considered some kind of signal here. Well, I don't know that that would be dispositive on anything, Your Honor. I would like to focus on... You know, you probably learned who Loki is. Well, I'm familiar through my kids with the Marvel universe, Your Honor, but I know that that's... It's the Norse god of... The nicest thing is mischief. Well, Your Honor... His other purviews are less desirable. Judge Loken, if I could focus on the record before the court. Every single aspect of what my friend just discussed is substantively in dispute by the experts that we have presented to the court. Every aspect, from visual identification to whether breed is a predictor of aggressiveness. Every conceivable basis that the city could have for enforcement today of this breed ban has been, for summary judgment purposes, contested, just as Kyoto found. If this court reverses, if I could finish the thought with just a few seconds. If I could finish the thought with just a moment, Your Honor. If this court reverses the district court's misapplication of Beach and allows that evidence as to the irrationality of Council Bluff's ban at its enforcement time today, I believe the district court will find, just as Kyoto did, and just as Diaz, too, did in the District of Colorado, that this matter should go to trial. If there are no other questions, we ask the court to reverse and remand. Thank you. Case has been well briefed and argued, and we'll take it under advisement. Thank you.